UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHANTEL SIVELLS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SAMS CLUB,**<br><br>**Defendant.** | Civ. No. 14-7650 (KM)<br><br>**MEMORANDUM & ORDER** |

The plaintiff, Chantel Sivells, *pro se,* has brought this action under Title VII of the Civil Rights Act of 1964, alleging employment discrimination on the basis of race, color, and sex; retaliation; defamation; pain and suffering; and wrongful termination. Before the court is the motion (ECF no. 16) of the defendant, Sams Club, to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). The applicable standard is well known and will not be repeated here. *See* Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

The handwritten complaint was filed on the standard short-form complaint form. Defendant, to be sure, has a point. The only detail the complaint gives as to discrimination is "Men treated differently, hispanics treated better." (ECF no. 1 at ¶ 10) Attached to the complaint, however, are voluminous exhibits. Within them are letters and other writings giving a bit more detail. (*See* exhibits to complaint, ECF no. 1-1 at p. 30 (letter of 11/27/2013); p. 35 (letter of 1/24/2014.)

In response to the defendant's motion, Ms. Sivells filed a seven page statement. (ECF no. 17) This, at least, alleges "5. Unfair Treatment/Discrimination – Schedules given to male and Hispanic employees that I asked for. Was told by manager that I wasn't fair to give what I requested

before them to me. Men never forced to work through their 15 minute or meal breaks ever or Hispanic employees." (*Id.* ¶ 5) The plaintiff claims that male managers "teamed up" against her (*id.* at p.3), and that "Hispanics were given schedules and promotions" (*id.* at p. 5) She also alleges retaliation for complaining of unfair treatment. Various violations of company policies are alleged; these would not be independently actionable, but could be relevant to a claim of retaliation or to demonstrate that the reasons given for firing (use of profanity) were a pretext. Apparently the plaintiff has been reinstated to her position, but this is unclear.

A *pro se* pleading will not be held to the same standards as those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Reading the pleadings leniently, I see enough here to warrant at least some discovery.

Accordingly,

IT IS this 6th day of April, 2016

ORDERED as follows:

1. The motion to dismiss (ECF no. 16) is DENIED.
2. The plaintiff's statement (ECF no. 17) shall be deemed to be a supplement to her Complaint.
3. The defendant shall file an Answer within 21 days. *See* Fed. R. Civ. P. 12(a).

_____
KEVIN MCNULTY
United States District Judge